**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVID HEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-12606 |
| | ) | |
| FINANCIAL RECOVERY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DAVID HEARN ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, FINANCIAL RECOVERY SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.  Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 339.901 et seq. ("MOC").

### JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Port Huron, St. Clair County, Michigan.

8. Plaintiff is a consumer as that term is defined by the FDCPA and MOC.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and MOC.

10. Defendant is a debt collector as that term is defined by FDCPA and MOC.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Mendota Heights, Dakota County, State of Minnesota.

13. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a Barclay Bank credit card.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant has been

calling Plaintiff on his telephone number at 810-990-9530, in an attempt to collect the alleged debt.

22. On or about November 2, 2021, Plaintiff answered Defendant's call and spoke with one of Defendant's male representatives.

23. During the above-mentioned conversation:

   a. Plaintiff disputed that the debt was his responsibility and stated that he had never had a Barclay Bank credit card.

   b. Defendant's male collector told him that he still owed the money because "his name is on it".

   c. Plaintiff noted that he has a fairly common name and the alleged debt belonged to someone else with his same name.

   d. Plaintiff requested for Defendant to stop contacting him.

   e. Defendant's male collector threatened to garnish Plaintiff's wages.

24. Defendant employed the foregoing debt collection tactics in an attempt to instill fear in Plaintiff.

25. To date, Defendant has not taken legal action against Plaintiff.

26. Defendant never intended to take legal action against Plaintiff.

27. To date, judgment is not entered against Plaintiff with respect to the alleged debt.

28. Defendant cannot lawfully garnish Plaintiff's wages.

29.Defendant engaged in the foregoing conduct with intent to annoy, abuse or harass Plaintiff.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30.Plaintiffs repeat and re-allege paragraphs one (1) through twenty-nine (29) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31.Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiff to coerce Plaintiff into making a payment to Defendant;

    b.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c.  Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to

take such action, when Defendant's male collector threatened to garnish Plaintiff's wages and Defendant could not lawfully take such action;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant attempted to collect a debt not owed by Plaintiff.

e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DAVID HEARN, respectfully request judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

35. Plaintiffs repeat and re-allege paragraphs one (1) through twenty-nine (29) of

Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated §339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Defendant falsely represented that they could lawfully garnish Plaintiff's wages; and

    b. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive or abusive method to collect a debt, when Defendant threatened to garnish Plaintiff's wages when Defendant could not lawfully take such action.

WHEREFORE, Plaintiff, DAVID HEARN, respectfully request judgment be entered against Defendant, FINANCIAL RECOVERY SERVICES, INC., for the following:

37. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

38. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

39. Any other relief that this Honorable Court deems appropriate.

DATED:  October 31, 2022          RESPECTFULLY SUBMITTED,


By:/s/ Taylor L. Kosla
      Taylor L. Kosla
      Agruss Law Firm, LLC
      4809 N. Ravenswood Ave.
      Suite 419
      Chicago, IL 60602
      Tel: 312-224-4695
      Fax: 312-253-4451
      taylor@agrusslawfirm.com
      Attorney for Plaintiff